HERBERT C. LINDESMITH and Another v. DAVID RAY LINDESMITH.[1]

November 3, 1905. .

Nos. 14,661—(225).

**Declaration of Decedent.**

> Where a writing in the form of a contract, but claimed to be a revocation of an existing will, is complete, clear, and unambiguous, oral evidence of declarations made by decedent to show that he intended and understood that the writing was a revocation of an existing will is inadmissible.

An instrument purporting to be the last will of Orlando Lindesmith, deceased, having been admitted to probate by the probate court for Steele county over the objections of Herbert C. and Helen W. Lindesmith, children of deceased, the objectors appealed to the district court for that county. The issues were tried before Buckham, J., who found in favor of defendant, proponent of the will, and directed judgment affirming the order of the probate court. From an order denying a motion for a new trial, plaintiffs appealed to the supreme court. Affirmed.

*J. A. Sawyer,* for appellants.

*Wheelock & Sperry* and *Robert Taylor,* for respondent.

ELLIOTT, J.

Orlando Lindesmith died in Steele county, Minnesota, on July 20, 1903, leaving an estate therein of the value of about $60,000. On the previous May 8 he duly executed a will, which after his death was on August 24, 1903, admitted to probate by the probate court. From that order an appeal was taken to the district court. After a hearing in that court it was found that the instrument was entitled to probate as the last will and testament of Orlando Lindesmith and ordered that a judgment be entered admitting said will to probate and affirming in all respects the order of the probate court. From an order denying a motion for a new trial the contestants appealed to this court.

The trial court found as facts that at the time of the execution of the

[1] Reported in 104 N. W. 825.

will Orlando Lindesmith was of full age and of sound and disposing mind and memory, and understood the nature and character of the instrument he was executing and the nature and extent of the property of which he was disposing thereby, and comprehended and appreciated the claims on his property of the various members of the family; that said instrument was not procured to be made by the undue influence of any person, but was executed by Orlando Lindesmith of his own free will and as his voluntary act; and that such will so executed by him was never by him revoked. Orlando Lindesmith was living with his second wife, with whom he had made an antenuptial contract providing in some measure for her support in case she survived him. After the will in question was made, and a few days before his death, he seems to have been considerably exercised over some matters connected with the disposition of his property, and three days before his death he sent for his attorney and executed the following instrument:

Articles of agreement made and entered into this 17th day of July, 1903, by and between Orlando Lindesmith, Wilhelmina Lindesmith, his wife, and David Ray Lindesmith, his son, witnesseth: That there exists a marriage settlement between said Orlando Lindesmith and Wilhelmina Lindesmith, made prior to their marriage, and the said Orlando Lindesmith desires to make some further provisions for the support of said Wilhelmina Lindesmith in case of his death. It has been therefore mutually agreed by and between the parties hereto: That the said David Ray Lindesmith shall build a small cottage, containing at least two rooms, made warm and comfortable, and furnish the said Wilhelmina Lindesmith a piece of garden, not exceeding one acre, and sufficient fuel for her own use, prepared for the stove. The said Wilhelmina Lindesmith to have the use of said cottage and garden during her lifetime, unless she shall remarry, in which case the foregoing allowance shall cease and determine at the time of such remarriage. It is also agreed that she shall have the old surrey after the death of said Orlando Lindesmith, to do with as she pleases. It is further agreed by and between the parties hereto that the said David Ray Lindesmith shall pay to the said Wilhelmina Lindesmith the sum of three hundred dollars per annum, in quarterly instalments of

seventy-five dollars each, from the date of the death of said Orlando Lindesmith until their youngest child, Helen, shall reach the age of sixteen years, and that the provisions herein made shall be and remain a lien on the estate of Orlando Lindesmith until they are fulfilled, and that the provisions herein are satisfactory to all the parties hereto.

The instrument was signed by the decedent and by his son, David Ray Lindesmith, and his wife, Wilhelmina Lindesmith, and was witnessed by Lewis L. Wheelock and Everett E. Lindesmith. There was no formal attestation clause. It appears merely that the instrument was signed "in the presence of" the witnesses and acknowledged before a notary public.

The appellants claim that this paper was a revocation of the will of May 8, and that therefore the heirs of Orlando Lindesmith take the estate in the proportions determined by the statute.

The instrument is not testamentary in character. It is a contract between Orlando Lindesmith and his son, who was the principal beneficiary under the will, to which the wife assents, which binds the son, from the date thereof to make the provision therein stated for his mother after the death of her husband. It is complete and unambiguous, and the oral evidence offered for the purpose of showing that Orlando Lindesmith intended and understood it to be a revocation of the will of May 8 was properly excluded. We agree with the learned trial court that the purpose of this contract "is clear, and its language and the circumstances under which it was executed make it plain that its execution was simply for the purpose declared on its face, namely, to provide additional support for Lindesmith's wife, who, as he well knew, was soon to become his widow. To permit an instrument so clear and plain in its terms to be by parol evidence transformed into a revocation of his will would be, not to explain or make clear such instrument, but to wholly change its meaning and manifest import. It is not claimed that the instrument in question was not such as he intended it to be, or that there was any mistake or fraud in its preparation, but simply that the language used was intended to mean, and does really mean, something entirely different from what it says, something that would not even be suspected from a mere reading of the instrument." G. S. 1894, § 4430,

provides the only methods by which a will can be revoked. Graham v. Burch, 47 Minn. 171, 49 N. W. 697.

The other assignments of error have been considered and found to be without merit.

Order affirmed.